**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 3 1 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Victor Ivy Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:16-cv-01025 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 5/31/2016 |
| The Honorable Ash Carter, ) | Description: Pro Se Gen. Civil |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Plaintiff is back yet again seeking this time to recover $11,849.24 from the U.S. Department of Navy. Plaintiff states that this Court "has venue by virtue" of his long closed Title VII case, *Brown v. Dep't of the Navy*, No. 86-1582 (closed Oct. 1, 1987). Compl. at 2. In that case, plaintiff prevailed and was awarded injunctive relief and "gross damages of $121,706.64." *Brown v. United States*, No. 14-1185T, 2015 WL 4450109, at *1 (Fed. Cl. July 17, 2015). Since 2002, plaintiff has filed a number of unsuccessful actions in this Court and in the Court of Federal Claims to recover $2,727 that he claimed was "erroneously deducted from his back pay award." *Id.*; *see id.* at 2 (noting that "[t]his suit is the latest iteration of plaintiff's quest for the return of the $2,727.00"); *Brown v. Dalton*, 312 F.R.D. 239, 244 (D.D.C. 2015) ("Plaintiff has been litigating his claims regarding the 1987 tax withholding since at least 2002.") (citing *Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. Aug. 11, 2003)). In 2012, this Court, after thorough examination, dismissed plaintiff's complaint as barred by *res judicata*. *Brown v. Mabus*, 892 F. Supp. 2d 115 (D.D.C. 2012), *aff'd*, 548 Fed. Appx. 623 (D.C. Cir. 2013).

In the instant complaint, plaintiff claims that "in conjunction with" deducting $2,727, the Navy "further assessed [him] the sum of $9,122.24 for his having purportedly been indebted to

1

the Government prior to April, 1988. [But] in a document dated [December 10, 2015,] the [Department of Treasury] notified the Plaintiff that the government has no record of the Plaintiff ever having been indebted to the Government." Compl. at 4. Plaintiff has not provided the document to support this overly broad and vague representation. And it is reasonably safe to conclude from plaintiff's litigation history that this latest purported discovery is simply an attempt to circumvent the statute of limitations. *See Brown*, 2015 WL 4450109, at *2-3 (dismissing complaint for refund of Social Security taxes withheld from back pay award as untimely, finding equitable tolling inapplicable, and concluding that even if the Court of Federal Claims had subject matter jurisdiction over "fraud and takings claims, they would . . . . be far too late . . . well outside this court's six year limitations period) (citing 28 U.S.C. § 2501)); *see also id.* at *3 n. 2 (rejecting plaintiff's continuing claims theory, asserted here as well, "that his claim for reprisal is ongoing and thus not time barred. . . . It is sufficient to note that the wrongdoing alleged here happened once, in 1988, and cannot serve as the basis for a continuing claim").

For the reasons stated in *Brown v. Mabus*, 892 F. Supp. 2d 115 (D.D.C. 2012) and *Brown v. United States*, 2015 WL 4450109 (Fed. Cl. July 17, 2015), the Court finds that this case is barred by *res judicata* and by time. Accordingly, it will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

Date: May 26, 2016

2