UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTOR IVY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1025 (BAH) |
| | ) | Chief Judge Beryl A. Howell |
| JAMES MATTIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

The *pro se* plaintiff, Victor Ivy Brown, sues the Secretary of Defense for money damages and declaratory relief. This action is "spawned" from the plaintiff's prior employment discrimination case in this court, Compl. at 2, ECF No. 1 (citing *Brown v. Dep't of the Navy*, No. 86-cv-1582 (closed Oct. 1, 1987) ("*Brown I*"), where he prevailed against the Department of Navy and was awarded injunctive relief and "gross damages of $121,706.64," *Brown v. United States*, No. 14-1185T, 2015 WL 4450109, at *1 (Fed. Cl. July 17, 2015). In this case, the plaintiff "seeks to recover the sum of $11,849.24" that the defendant allegedly "seized" from the award "and then used . . . to pay taxes and penalties for which the [p]laintiff was not obligated." Compl. at 2. The plaintiff "further seeks compensatory damages for loss of the use of said monies retroactive to 7 April 1988." *Id*.

Pending is the Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 19, and the Plaintiff's Opposition and Motion to Compel an Answer from the defendant, ECF Nos. 29, 30, respectively. For the reasons explained below, the defendant's motion is granted, the plaintiff's motion is denied, and this case is dismissed for lack of subject matter jurisdiction.

1

## I. BACKGROUND

### A. Procedural Posture

Since 2002, the plaintiff has filed a number of unsuccessful actions in this Court and in the U.S. Court of Federal Claims to recover $2,727 that he claimed was "erroneously deducted from his back pay award." *Brown*, 2015 WL 4450109, at *1; *see id*. at 2 (noting that "[t]his suit is the latest iteration of plaintiff's quest for the return of the $2,727.00"); *Brown v. Dalton*, 312 F.R.D. 239, 244 (D.D.C. 2015) ("Plaintiff has been litigating his claims regarding the 1987 tax withholding since at least 2002.") (citing *Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. Aug. 11, 2003)). On September 21, 2012, this Court dismissed the plaintiff's complaint on *res judicata* grounds, finding:

> Without question, the plaintiff's claim to $2,727.00 arises from the judgment entered in his favor in the prior Title VII suit against the Department of the Navy. The plaintiff's opportunity to litigate the amount owed to him pursuant to that judgment—and the $2,727.00 allegedly withheld from him and erroneously paid in Social Security taxes on his behalf in 1988—has come and gone.

*Brown v. Mabus*, 892 F. Supp. 2d 115, 118 (D.D.C. 2012), *aff'd*, 548 Fed. App'x 623 (D.C. Cir. 2013) (per curiam) (on appeal from No. 11-cv-1922 (BAH)). The United States Court of Appeals for the District of Columbia Circuit affirmed the dismissal order, stating:

> Even assuming, without deciding, that appellant's claim did not accrue until the date of discovery, and even assuming, without deciding, that equitable tolling applies, appellant did not file his complaint within the period specified by 28 U.S.C. 2401(a). We reject appellant's argument that his claim did not accrue until March 9, 2010, because he was on notice of his claims by 2001, or by 2004 at the latest. Moreover, because appellant's complaint did not seek relief under Title VII, this case does not implicate the interaction between the limitations period set out in § 2401(a) and the period set out in 42 U.S.C. § 2000e-16(c). In any event, the complaint was not timely filed even under the latter provision.

*Brown*, 548 Fed. App'x at 624.

Almost three years later, on March 9, 2016, the plaintiff lodged with the Clerk of Court the instant 40-page complaint asserting, in Counts I through XI, myriad claims regarding the defendant's alleged "illegal seizure of all of the monies at issue" that were used "to pay taxes and penalties on behalf of the Plaintiff" back in 1988, Compl. at 38, and expressly conceding that, for some claims at least, he "hereby repeats the argument which he sought to pursue in the previous courts to which he has brought this matter," *id.*; *see also id*. at 39 (stating that he "merely repeats the argument which he uttered before this Court in CA 86-cv-1582"). On May 31, 2016, the Court dismissed the case *sua sponte* on the grounds that the complaint was barred by *res judicata* and by time. *See* Mem. Op. at 2, ECF No. 4. The plaintiff appealed to the D.C. Circuit. On appeal, the defendant "argue[d] that a 2003 district court decision denying a contempt motion serve[d] as the *res judicata* bar." *Brown v. Mattis*, 701 Fed. App'x 3 (D.C. Cir. Oct. 12, 2017) (per curiam). The D.C. Circuit rejected that argument, and it could not discern "which claims the [district] court [had] deemed untimely." *Id*. Therefore, it remanded the case for this Court "to consider in the first instance the timeliness and other arguments" of the parties. *Id*. The case was then reassigned to the undersigned Judge on January 26, 2018.

**B. Factual Posture**

The plaintiff alleges the following relevant facts, which also formed the basis of Civil Action No. 11-1922. *See Brown*, 892 F. Supp. 2d at 115. By check dated April 7, 1988, in the amount of $80,839.30, the defendant "paid the bulk of the monies ordered to be paid" in *Brown I*. Compl. at 10, ¶ 5. At that time, the defendant provided the plaintiff "with detailed computations indicating that the gross amount of the damages . . . was $121,706.64." *Id*. ¶ 6. The "damage award . . . covered the period" between December 27, 1982 and January 31, 1988, for back pay. Compl. at 3.

In 1997, the plaintiff "was first notified by the Social Security Administration that [the Department of Navy] had deducted $2,727.00 from the back-pay award in 1988." *Id*. at 5. According to the plaintiff, the defendant "had no authority to levy Social Security taxes against [him]" for that period; he "was not liable" for said taxes; and the Internal Revenue Service Commissioner confirmed in a letter dated February 19, 2002, that he "was not obligated to pay Social Security taxes for the tax year 1988." Compl. at 10, ¶¶ 8-10. In August 2001, upon examining "all of [his] pay statements" dating from April 9, 1988, the plaintiff "observed that the [Department of Navy] had deducted $9,122.24 from the . . . back pay award, purportedly for the [p]laintiff having been indebted to the Government" before April 1988. Compl. at 4, 5. Allegedly, in a document dated December 10, 2015, which the plaintiff has not supplied, the Department of Treasury "notified the [p]laintiff that the government has no record of the [p]laintiff ever having been indebted to the Government." *Id*. at 4. Hence, the plaintiff's claim to a total of $11,849.24.

The plaintiff's causes are captioned as follows:

Count I: Violation of 42 U.S.C. 2000e-5(f)(3) and 42 U.S.C. 2000e-3(a) Retaliation

Count II: Violation of 42 U.S.C. 2000e-5(f)(3) and 42 U.S.C. 2000e-3(a) Retaliation

Count III: Violation of 42 U.S.C. § 1983 and The Constitution, Amendment IV/Illegal Seizure/Deprivation of right of possession

Count IV: Violation of 42 U.S.C. § 1983 and The Constitution, Amendment IV/Illegal Seizure/Deprivation of right of possession

Count V: Violation of 42 U.S.C. § 1983 and The Constitution/Amendment IV/ Deprivation of Due Process

Count VI: Violation of 42 U.S.C. § 1983 and The Constitution/Amendment IV/ Deprivation of Due Process

> Count VII: Violation of 42 U.S.C. § 1983 and The Constitution/Amendment I/ Deprivation of right of free speech
>
> Count VIII: Violation of 42 U.S.C. § 1983 and The Constitution/Amendment I/ Deprivation of right of free speech
>
> Count IX: Violation of Title 5, U.S.C.: Willful failure to follow administrative procedure: abuse of discretion
>
> Count X: Violation of The Constitution/Art. 1, sec. 8/Illegal Taxation
>
> Count XI: Violation of The Constitution/Amendment XVI/Illegal Taxation

The plaintiff purports to "transfer[ ]" counts IX, X and XI "from CA 11-cv-1922." Compl. at 30-31.

## II. APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of demonstrating the court's subject matter jurisdiction over the claims asserted. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute,'" *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)). Absent subject matter jurisdiction over a case, the court must dismiss it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); Fed. R. Civ. P. 12(h)(3) (requiring dismissal of action "at any time" the court determines it lacks subject matter jurisdiction).

When considering a motion to dismiss under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and " 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). The court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Moreover, in evaluating subject matter jurisdiction, the court "may consider materials outside the pleadings." *Am. Freedom Law Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Herbert*, 974 F.2d at 197 (in disposing of motion to dismiss for lack of subject matter jurisdiction, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

Where, as here, a defendant files a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the Rule 12(b)(1) grounds for dismissal are examined first "as subject matter jurisdiction presents a threshold question." *El Paso Natural Gas Co. v. United States*, 750 F.3d 863, 874 (D.C. Cir. 2014) (citing *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

### III. DISCUSSION

Consistent with the D.C. Circuit's remand, the defendant argues, among other things, that this action is untimely no matter the causes of action the plaintiff has asserted. *See* Def.'s Mem. at 9-12. The defendant is correct. Specifically, if jurisdiction could properly be exercised in this

6

case, as this Court found in 2012, the plaintiff's opportunity to litigate the amount owed to him pursuant to the judgment rendered in the 1986 case "has come and gone." *Brown*, 892 F. Supp. 2d at 118. In reviewing that decision, the Court of Appeals agreed, concluding in 2013 that the complaint seeking to recover the same $2,727.00 forming part of the basis of this action "was not timely filed" under either 28 U.S.C. § 2401 ("Time for commencing action against United States") or 42 U.S.C. § 2000e-16(c) ("[T]ime for bringing" Title VII employment discrimination claims against the federal government). Similarly, the plaintiff alleges that he became aware of the additional deduction of $9,122.24 in August 2001, Compl. at 5, fifteen years before the commencement of this action. Notwithstanding the obvious mismatch between the listed causes of action and the requested relief, the Court clarifies for the sake of finality that Counts I through VIII of the complaint are time-barred for the simple reason that they are part and parcel of the 1986 case. Therefore, the Title VII counts (I and II) are untimely under the Act's 90-day limitations period. 42 U.S.C. § 2000e-16(c). The constitutional counts (III – VIII) are untimely under the general six-year limitations period, which is a "jurisdictional condition attached to the government's waiver of sovereign immunity[.]" *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). Finally, the plaintiff's purported "transfer" of counts IX, X and XI from dismissed case "CA 11-cv-1922," Compl. at 30-31, is inapposite and otherwise foreclosed by *res judicata*.

In any event, this Court is deprived of subject matter jurisdiction under the Tucker Act and, consequently, "[w]ith the case in this posture, the court [can] no more rule in favor of the government than against it." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). The Tucker Act "was designed 'to give the people of the United States what every civilized nation of the world has already done—the right to go into the courts to seek [monetary] redress against the

7

Government for their grievances[.]' " *Howard v. Pritzker*, 775 F.3d 430, 436 (D.C. Cir. 2015) (quoting *United States v. Mitchell*, 463 U.S. 206, 213-14 (1983)). Indisputably, the plaintiff is seeking only to recover monies from the government that he believes he is owed from the judgment in *Brown I*. He has not actually pleaded a new cause of action under Title VII, and none of his enumerated counts "sound[s] in tort." 28 U.S.C. § 1491(a)(1) and § 1346 (a)(2).[1] This leaves the Tucker Act and its jurisdictional limitations.

The Tucker Act grants the district court concurrent jurisdiction with the U.S. Court of Federal Claims over claims "not exceeding $10,000." 28 U.S.C. § 1346(a)(2). Claims over that amount are the exclusive province of the Court of Federal Claims. *Palacios v. Spencer*, 906 F.3d 124, 127 (D.C. Cir. 2018). The plaintiff's claim to $11,849.24 deprives this Court of jurisdiction and therefore is dismissed. *See id.* at 126-27 (affirming district court's dismissal for want of jurisdiction where "[t]he complaint expressly demanded the entry of a judgment including an award of back pay exceeding $10,000") (citations omitted)); *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 7 (D.D.C. 2016) ("Only the Court of Federal Claims has jurisdiction over a claim in excess of $10,000[.]" (citing 28 U.S.C. § 1491 (a)(2)).

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and the plaintiff's motion to compel is denied as moot. A separate Order consistent with this Memorandum Opinion will be filed contemporaneously.

/s/ *Beryl A. Howell*
DATE: December 7, 2018                  CHIEF JUDGE

---

[1] The Tucker Act, ch. 359, 24 Stat. 505 (1887), is codified as amended in scattered sections of Title 28 of the United States Code. The Act authorizes the appropriate court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) and § 1346(a)(2).